

FILED

JAN 25 2017

Clerk, U.S. District Court
District Of Montana
Helena

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| LANCE CARLSON,<br><br>Plaintiff,<br><br>vs.<br><br>CHARTER COMMUNICATIONS, LLC,<br><br>Defendant. | No. CV 16-86-H-SEH<br><br>ORDER |

On August 12, 2016, Plaintiff Lance Carlson commenced this action in the Montana First Judicial District Court, Lewis and Clark County.[1] The Complaint alleged, *inter alia*:

    1.    Plaintiff Lance Carlson is a resident of Lewis and Clark County, Helena, Montana.

---

[1] *See* Docs. 1-1, 9, 10.

-1-

>    2.  Defendant Charter Communications, LLC (Charter) is a Delaware corporation doing business in Lewis and Clark County, Montana.[2]

Defendant Charter Communications, LLC filed a Notice of Removal on September 13, 2016, claiming federal jurisdiction under "28 U.S.C. § 1332 on the basis of diversity of citizenship and amount in controversy."[3]

The Notice of Removal claimed diversity jurisdiction grounded upon:

>    6.  Carlson is a resident of Lewis and Clark County, Helena, Montana. (Compl. ¶ 1.) As such, Carlson is a Montana citizen.
>
>    7.  Charter is a limited liability company with all of its membership interest owned by Charter Communications Operating, LLC. *See* Disclosure Statement filed simultaneously with this Notice. Charter Communications Operating, LLC in turn is a limited liability company with all of its membership interest owned by Charter Communications, Inc. *Id.* Charter Communications, Inc. is a Delaware corporation with is [sic] principal place of business in Stamford, Connecticut. *Id.* Charter is therefore a citizen of Delaware and Connecticut. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.").[4]

---

[2] Doc. 1-1 at 1.

[3] Doc. 1 at 1.

[4] Doc. 1 at 2-3.

On September 29, 2016, Plaintiff filed in this Court Plaintiff's First Amended Complaint and Jury Demand[5] asserting, *inter alia*:

    1.    Plaintiff Lance Carlson is a resident of Lewis and Clark County, Helena, Montana.

    2.    Defendant Charter Communications, LLC (Charter) is a Delaware corporation doing business in Lewis and Clark County, Montana.

    3.    Venue and jurisdiction is proper in this Court based on removal by Charter.[6]

On December 9, 2016, Plaintiff filed in this Court Plaintiff's Second Amended Complaint and Jury Demand[7] again asserting, *inter alia*:

    1.    Plaintiff Lance Carlson is a resident of Lewis and Clark County, Helena, Montana.

    2.    Defendant Charter Communications, LLC (Charter) is a Delaware corporation doing business in Lewis and Clark County, Montana.

    3.    Venue and jurisdiction is proper in this Court based on removal by Charter.[8]

Defendant responded to the complaint and to the amended complaints with

---

[5] Doc. 6.

[6] Doc. 6 at 2.

[7] Doc. 22.

[8] Doc. 22 at 1-2.

separate partial motions to dismiss and supporting briefs.[9] A brief in response to each motion was filed by Plaintiff.[10] One reply was filed.[11]

On October 11, 2016, Plaintiff filed Plaintiff's Brief in Support of Motion to Certify Quesiton [sic] to the Montana Supreme Court,[12] and supporting brief.[13] Defendant responded on October 25, 2016.[14] Plaintiff filed a reply on November 8, 2016.[15]

The Court has determined, upon review and assessment of all of the filings referenced above, that jurisdiction of the case in this Court has not been appropriately established. Notwithstanding that diversity of citizenship is claimed, such has not been shown of record.

The removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The "strong presumption" against removal jurisdiction requires the defendant to carry the burden of showing

---

[9] *See* Docs. 3, 4, 13, 14, 28, 29.

[10] *See* Docs. 8, 16, 30.

[11] *See* Doc. 19.

[12] Doc. 11.

[13] Doc. 12.

[14] Doc. 15.

[15] Doc. 17.

removal is proper. *Id.* Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id.*

Fed. R. Civ. P. 12(h)(3) contemplates that lack of jurisdiction can be raised at any time. Moreover, the objection may be raised by a party, or by the court's own initiative, at any stage in the litigation, even after the trial and judgment entry. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).

Plaintiff's pleadings assert Plaintiff is a "resident" of Montana.[16] Defendant in its Notice of Removal claims that "Carlson is a resident of Lewis and Clark County, Helena, Montana" and "[a]s such, Carlson is a Montan citizen."[17]

The diversity statute speaks of citizenship, not of residency. *Kanter v. Warner-Lambert*, 265 F.3d 853, 857 (9th Cir. 2001). Citizenship cannot be "deemed" to be well-pleaded by claims of "residency." *Id.* Montana residency (pleaded here) is not the legal equivalent to "citizenship" (not pleaded) and cannot be accepted as such. Plaintiff's citizenship, diverse from that of Defendant, has not been well-pleaded.

Plaintiff, since removal, has twice amended his complaint, invoking, in each instance, this Court's diversity jurisdiction. The original Complaint and both

---

[16] *See* Docs. 1-1, 6, 22.

[17] Doc. 1 at 2.

amended complaints filed after removal erroneously identify Defendant Charter Communications, LLC as "a Delaware corporation,"[18] although Defendant's Notice of Removal[19] and Rule 7.1 Corporate Disclosure Statement[20] plainly identify Defendant as an LLC. Plaintiff's claims that "Defendant Charter Communications, LLC (Charter) is a Delaware corporation doing business in Lewis and Clark County, Montana"[21] fall short of meeting its obligation to appropriately plead diversity of citizenship.

ORDERED:

1. All pending motions[22] are DENIED without prejudice to renewal, if appropriate, upon determination of record by this Court that jurisdiction has properly been invoked.

2. This case will be dismissed on February 3, 2017, unless an amended Notice of Removal is filed by Defendant on or before that date which

---

[18] Docs. 1-1 at 1, 6 at 2, 22 at 2.

[19] Doc. 1.

[20] Doc. 2.

[21] Docs. 1-1 at 1, 6 at 2, 22 at 2.

[22] Docs. 3, 13, 28.

appropriately sets forth and establishes this Court's diversity jurisdiction.[23]

DATED this 25th day of January, 2017.

*Sam E. Haddon*
SAM E. HADDON
United States District Judge

---

[23] *See* 28 U.S.C. § 1653; *see also* 15 James Wm. Moore et al., *Moore's Federal Practice* § 102.17[1], at 102-48 (3d ed. 2016) (explaining "[s]ection 1653's liberal amendment rule permits a party who has not alleged that diversity exists to amend the pleadings even as late as on appeal"); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (stating "defendant always has the burden of establishing that removal is proper").