**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**HELENA DIVISION**

FILED

JUL 14 2017

Clerk, U.S. District Court
District Of Montana
Helena

LANCE CARLSON,

Plaintiff,

vs.

CHARTER COMMUNICATIONS, LLC,

Defendant.

No. CV 16-86-H-SEH

**ORDER**

On May 24, 2017, Plaintiff filed a Motion to Certify Question to the Montana Supreme Court, the text of which recites:

> Assuming the facts in Plaintiff's Second Amended Complaint are accepted as true, are Sections 50-46-320(4)(b) and (5), MCA, unconstitutional as applied to this case?[1]

Plaintiff argues, in support of the certification request, that since Defendant has filed a Fed. R. Civ. P. 12(b)(6) partial motion to dismiss,[2] "all of the facts set

---

[1] Doc. 48 at 1.

[2] *See* Doc. 50.

forth in the SAC are considered accepted as true and construed in a light most favorable to the Plaintiff."[3] Plaintiff is simply wrong in assuming a certification motion is to be evaluated as if it were governed by Rule 12(b)(6) standards and jurisprudence.

A motion for certification under Mont. R. App. P. 15(3) is a standalone proceeding grounded in a particular rule of the Montana Supreme Court. It has no counterpart in the Federal Rules of Civil Procedure and is fundamentally a request directed to this Court asking this Court, and in turn the Montana Supreme Court, to undertake a particular form of affirmative action. By no stretch can such a request be considered the equivalent to a motion to dismiss for failure to state a claim. The Montana Supreme Court has unequivocally so stated.

The Montana Supreme Court has been consistently clear in its pronouncements of when a request to answer a certified question is to be entertained. In *BNSF Ry. Co. v. Feit*, the Court stated its review under Mont. R. App. P. 15(3) "'is purely an interpretation of the law as applied to the agreed facts underlying the action.' *State Farm Fire & Cas. Co. v. Bush Hog, LLC,* 2009 MT 349, ¶ 4, 353 Mont. 173, 219 P.3d 1249" and that "[i]t is not the job of this Court

[3] Doc. 49 at 2.

to determine questions of fact or to apply the law to the facts presented to us."[4]

In *Brady v. PPL Mont., LLC*, the Court discussed at some length its rejection of any willingness to render "precedential opinions" on substantial and significant issues "in a vacuum" and without a record of agreed facts relevant to the issues.[5] The Court in *Brady* plainly rejected the very concept proposed by Plaintiff here, namely that the Montana Supreme Court "can and must accept those facts" alleged in the complaint as true "because this is a 'Rule 12(b) motion.'"[6]

The approach proposed by Plaintiff's motion would not only do violence to the Montana Supreme Court's appropriately self-imposed and clearly stated limitation that the Court considers itself "bound by the 'relevant facts' included in the Certification Order," which are to be "agreed facts," but would also seem contrary to the proposition that the Montana Supreme Court, in addressing a certified question, is not to be expected to "determine questions of fact or to apply the law to the facts presented."[7]

The Montana Supreme Court has left no doubt about its disagreement with

---

[4] 281 P.3d 225, 227 (Mont. 2012); *see also Frontline Processing Corp. v. Am. Econ. Ins. Co.*, 149 P.3d 906, 908 (Mont. 2006); *Rich v. State Farm Mut. Auto. Ins. Co.*, 66 P.3d 274, 275 (Mont. 2003).

[5] 77 P.3d 523, 524 (Mont. 2003).

[6] *Id.*

[7] *Feit*, 281 P.3d at 227.

the proposition that facts alleged in a complaint presented in support of or in response to a Rule 12(b) motion "can and must be accepted as true" under a Rule 15(3) motion for certification.

This Court cannot and will not undertake any effort to engage in any analysis or assessment that does violence to the Montana Supreme Court's pronouncement on this important and unique component of Montana's system of dispute resolution. The motion for certification is not appropriate for this Court's consideration or for submission of the requested question to the Montana Supreme Court.

ORDERED:

Plaintiff's Renewed Motion to Certify Quesiton [sic] to the Montana Supreme Court[8] is DENIED.

DATED this 14th day of July, 2017.

Sam E Haddon

SAM E. HADDON
United States District Judge

---

[8] Doc. 48.