IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| LANCE CARLSON,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>CHARTER COMMUNICATIONS, LLC,<br><br>　　　　　　　Defendant. | No. CV 16-86-H-SEH<br><br>ORDER |

## Background

Pending before the Court is Charter Communications, LLC's ("Charter") Partial Motion to Dismiss Plaintiff's Second Amended Complaint:[1] Count I - Wrongful Discharge; Count II - Retaliatory Discharge in Violation of Section 39-71-317, MCA; Count III - Declaratory Judgment - As Applied Challenge to Section 50-46-320(4)(b), and (5), MCA; and Count IV - Discrimination Under the

---

[1] Doc. 50.

Montana Human Rights Act.[2] Dismissal of Counts I, III, and IV is sought. Jurisdiction is grounded in diversity of citizenship.[3] Hearing on the motion was held on August 10, 2017.

Plaintiff commenced employment with Charter, and its predecessors, in 2001.[4] In 2010, he was issued a medical marijuana card under Montana state law to treat "chronic low back" and "stomach pain" when not working, operating heavy equipment, or driving.[5]

On January 25, 2016, Plaintiff, while operating a company-owned vehicle on the job, hit a pole with the vehicle.[6] He was administered two urinalysis tests within 48 hours of the accident in which he tested positive for THC.[7] His employment with Charter was terminated on February 9, 2016.[8]

Three arguments are asserted by Charter in support of partial dismissal: (1) Plaintiff's wrongful discharge and discrimination claims fail under the plain

---

[2] Doc. 22.

[3] Doc. 32.

[4] See Doc. 22 at ¶ 4.

[5] See Doc. 22 at ¶¶ 5, 8, 11.

[6] See Doc. 22 at ¶¶ 17-18.

[7] See Doc. 22 at ¶¶ 23, 25, 26. "THC" stands for "tetrahydrocannabinols." *Hemp Indus. Ass'n v. Drug Enforcement Admin.*, 357 F.3d 1012, 1013 (9th Cir. 2004).

[8] See Doc. 22 at ¶ 28.

language of the Montana Medical Marijuana Act ("MMA");[9] (2) federal preemption warrants dismissal of the declaratory judgment claim; and (3) even if marijuana use could be deemed a substantive right, Plaintiff's equal protection and substantive due process rights were not violated.[10]

## Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to "contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"[11] "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" to survive a motion to dismiss.[12] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13]

"Under Rule 12(b)(6) a complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that

---

[9] *See* Mont. Code Ann. §§ 50-46-301 to 50-46-345 (2017).

[10] *See* Doc. 50.

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[12] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

[13] *Id.* (citing *Twombly*, 550 U.S. at 556).

-3-

would entitle him to relief."[14] Dismissal, however, is appropriate "if there is a lack of a cognizable legal theory or if there is an absence of facts alleged under a cognizable legal theory."[15]

## Federal Preemption

"The Supremacy Clause [of the United States Constitution] establishes that federal law 'shall be the supreme Law of the Land ... any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.'"[16] "'Federal preemption occurs when: (1) Congress enacts a statute that explicitly preempts state law; (2) state law actually conflicts with federal law; or (3) federal law occupies a legislative field to such an extent that it is reasonable to conclude that Congress left no room for state regulation in the legislative field.'"[17]

"'Conflict preemption is implicit preemption of state law that occurs where there is an actual conflict between state and federal law.'"[18] Conflict preemption,

---

[14] *Ronan Tel. Co. v. Alltel Commc'n, Inc.*, No. CV 06-99-MDWM, 2007 WL 433278, at *1 (D. Mont. Feb. 2, 2007) (citing *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989)).

[15] *Id.* (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)).

[16] *PLIVA, Inc. v. Mensing*, 564 U.S. 604, 617 (2011) (quoting U.S. Const. Art. VI, cl. 2).

[17] *CTIA-The Wireless Ass'n v. City of Berkeley*, 854 F.3d 1105, 1121 (9th Cir. 2017) (quoting *Chae v. SLM Corp.*, 593 F.3d 936, 941 (9th Cir. 2010)).

[18] *Id.* (quoting *McClellan v. I-Flow Corp.*, 776 F.3d 1035, 1039 (9th Cir. 2015)).

sometimes referred to as implied preemption, "arises either when 'compliance with both federal and state regulations is a physical impossibility ... or when state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'"[19]

"In evaluating whether federal law has preempted state law, [the Court] must (1) look to 'the purpose of Congress [as] the ultimate touchstone,' while also (2) 'start[ing] with the assumption that the historic police powers of the States were not to be superseded ... unless that was the clear and manifest purpose of Congress.'"[20] "In considering whether a state law is conflict-preempted, '[the Court] "consider[s] the relationship between state and federal laws as they are interpreted and applied, not merely as they are written."'"[21]

Charter is a federal government contractor required to comply with the Drug-Free Workplace Act ("DFWA").[22] Under the DFWA, "[a] person other than an individual shall not be considered a responsible source . . . for the purposes of being awarded a [federal] contract . . . unless the person agrees to provide a drug-

---

[19] *Id.* (quoting *McClellan*, 776 F.3d at 1039).

[20] *McClellan*, 776 F.3d at 1039 (quoting *Wyeth v. Levine*, 555 U.S. 555, 565 (2009)).

[21] *Arizona Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1062 (9th Cir. 2014) (quoting *Ting v. AT&T*, 319 F.3d 1126, 1137 (9th Cir. 2003)).

[22] *See* 41 U.S.C. §§ 8101 to 8106 (2012).

free workplace by" complying with seven enumerated requirements spelled out by statute.[23] "Drug-free workplace" is statutorily defined as "a site of an entity . . . at which employees of the entity are prohibited from engaging in the unlawful manufacture, distribution, dispensation, possession, or use of a controlled substance . . . ."[24]

The MMA, conversely, expressly permits "[a] registered cardholder who has named a provider [to] possess up to 1 ounce of usable marijuana,"[25] without restriction as to time or place. Possession is plainly prohibited under the DFWA. The actual conflict between Montana state law and federal law is clear. Charter could not simultaneously permit marijuana use consistent with the MMA and at the same time ensure a drug-free workplace as defined under the DFWA and as required by law in order to maintain its federal contracts.

Plaintiff's assertion that he "has never used medical marijuana at work and has never been under the influence of medical marijuana while working,"[26] even if accepted as true for purposes of this motion, does not alter the conclusion that the

---

[23] *See* 41 U.S.C. § 8102.

[24] 41 U.S.C. § 8101(a)(5)(B).

[25] Mont. Code Ann. § 50-46-319(1)(a).

[26] Doc. 22 at ¶ 42.

claim fails to survive. Such allegations are irrelevant to the conflict preemption analysis. The question remains whether the state and federal law, as applied, conflict, not whether Plaintiff hypothetically could comply with both.

Historic police powers of the states generally may include regulation of matters of health and safety. The federal government nevertheless has implemented extensive legislation regarding controlled substances which conflicts with state law.[27] "Federal law . . . still prohibits the use . . . of marijuana, even if . . . possessed pursuant to state-approved medical marijuana programs."[28] Marijuana unequivocally remains a Schedule I controlled substance subject to criminal penalty under federal law.[29]

Plaintiff's reliance on *United States v. McIntosh*[30] in asserting his "use of medical marijuana was not an illegal use of controlled substance under state or federal [law]"[31] is without merit. The Ninth Circuit has specifically stated, since *McIntosh*, the congressional "appropriations rider restricts only the DOJ's ability

---

[27] *See generally* 21 U.S.C. §§ 801 to 971.

[28] *United States v. Kleinman*, 859 F.3d 825, 831 (9th Cir. 2017).

[29] *See* 21 U.S.C. § 812.

[30] 833 F.3d 1163 (9th Cir. 2016).

[31] Doc. 22 at ¶ 36.

to use certain funds on particular prosecutions during a specific fiscal year[.]"[32] The Controlled Substances Act "continues to apply in all 50 states."[33] Preemption warrants dismissal of the declaratory judgment claim.

Given that application of any conflicting state law is precluded by controlling federal statutes, consideration of the constitutionality of Mont. Code Ann. §§ 50-46-320(4)(b) and (5) is neither necessary nor appropriate.

## Montana Medical Marijuana Act

The MMA on its face likewise forecloses Plaintiff's claims under both the Wrongful Discharge from Employment Act[34] and the Montana Human Rights Act.[35] Neither act provides Plaintiff a safe harbor.

The MMA provides, in part:

> (4) Nothing in this part may be construed to require:
>
> . . .
>
> (b) an employer to accommodate the use of marijuana by a registered cardholder[.]
>
> . . .
>
> (5) Nothing in this part may be construed to:
>
> . . .

---

[32] *United States v. Nixon*, 839 F.3d 885, 887-88 (9th Cir. 2016).

[33] *Id.* at 888.

[34] *See* Mont. Code Ann. §§ 39-2-901 to 39-2-915.

[35] *See* Mont. Code Ann. §§ 49-1-101 to 49-4-511.

> (b) permit a cause of action against an employer for wrongful discharge pursuant to 39-2-904 or discrimination pursuant to 49-1-102.[36]

Plaintiff's claim for wrongful discharge alleges "Charter terminated Plaintiff for legal use of medical marijuana, which was a prescribed, lawful treatment for a diagnosed medical condition."[37] The discrimination claim similarly alleges "Plaintiff was terminated based on his physical disability and his lawful use of medical marijuana to treat a legitimate medical condition."[38]

Clear limitations in the unambiguous language of the MMA bar both Plaintiff's claims for wrongful discharge and for discrimination grounded in what is alleged to be his lawful marijuana use. "Where the language of a statute is plain, unambiguous, direct and certain, the statute speaks for itself and there is nothing left for the court to construe."[39]

One of the stated purposes of the MMA is to "provide legal protections to individuals with debilitating medical conditions . . . who engage in the use of

---

[36] Mont. Code Ann. § 50-46-320.

[37] Doc. 22 at ¶ 50.

[38] Doc. 22 at ¶ 72.

[39] *Dunphy v. Anaconda Co.*, 438 P.2d 660, 662 (Mont. 1968) (citation omitted); *see also* Mont. Code Ann. § 50-46-320.

marijuana to alleviate the symptoms of the debilitating medical condition."[40] However, the Montana "Legislature was highly cognizant of the fact that marijuana remains a Schedule I controlled substance, illegal for all purposes, under federal law."[41]

## Conclusion

Charter is entitled to dismissal of Counts I, III, and IV of the Second Amended Complaint. A preliminary pretrial conference to establish a schedule for further proceedings directed to Count II - Retaliatory Discharge in Violation of Section 39-71-317, MCA, will be set by separate order of Court.

ORDERED:

Charter's Partial Motion to Dismiss Plaintiff's Second Amended Complaint[42] is GRANTED.

DATED this 11th day of August, 2017.

*/s/ Sam E. Haddon*
SAM E. HADDON
United States District Judge

---

[40] Mont. Code Ann. § 50-46-301(2)(b).

[41] *Mont. Cannabis Indus. Ass'n v. State*, 368 P.3d 1131, 1142 (Mont. 2016) (citation omitted).

[42] Doc. 50.